Sumner E. DRAKE, Petitioner,

v.

STATE of Wyoming, ex rel. DEPARTMENT OF REVENUE AND TAXATION, Respondent.

No. 87–265.

Supreme Court of Wyoming.

March 28, 1988.

---

Robert J. Reese of Reese & Mathey, Green River, for petitioner.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., David Mark Quiner, Asst. Atty. Gen., Cheyenne, for respondent.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Petitioner Sumner E. Drake (Drake) challenges an order suspending his driver's license under the Wyoming implied consent statutes, §§ 31-6-101 through 31-6-106, W.S.1977 (Cum.Supp.1986). He raises this issue:

"Whether a license suspension is valid when based solely on documents which were requested withdrawn by the city prosecutor, and which were submitted contrary to District Court Rules."

We affirm.

At about 2:00 a.m. on the morning of October 30, 1986, two officers of the Green River Police Department found Drake passed out next to his plate in the Cowboy Cafe. The officers were looking for Drake to investigate a hit and run accident that had taken place nearby. The officers noticed Drake's pickup in the cafe parking lot, and damage to the pickup was consistent with evidence found at the accident scene.

While the officers were inside the cafe, a waitress told them that Drake had been in the cafe for about thirty minutes. The officers spent some time trying to awaken Drake but met with no success. They noticed a strong odor of alcohol about him at this time. In their next attempt to revive him the officers picked Drake up to his feet and allowed the cook at the cafe to pass an ammonia capsule under his nose. This, too, failed to awaken him. The officers then carried him outside where the cool night air seemed to bring him around. He still was unable to stand on his own or speak coherently.

At this time, based on evidence from the accident scene, the testimony of persons in the cafe that Drake had driven there, Drake's possession of the keys to the accident vehicle and his condition at that time, the reporting officer arrested him for DWUI, hit and run, property damage and failure to report an accident. The officers advised him that he was under arrest, but they were unsure if he understood.

He then was searched, placed in a police car and driven to the Sweetwater County Jail. When the car reached the jail, Drake had to be awakened and helped inside. Once in the jail, he seemed more coherent, realized where he was, and resisted incarceration slightly. Officers again advised him of the charges against him and his rights under the implied consent statutes. At this time he admitted driving the hit and run vehicle to the Cowboy Cafe, but said that he did not remember driving into anything. When asked to submit to a breath-alcohol test, Drake refused. He then was booked and jailed.

Drake's refusal to submit to the breath-alcohol test worked an automatic suspension of his driving privileges for six months under § 31-6-102(d), W.S.1977 (Cum.Supp. 1986).[1] Drake requested a hearing on the

---

1. This statute provides:
   "(d) If a person under arrest refuses upon the request of a peace officer to submit to a chemical test designated by the agency employing the peace officer as provided in subsection (a) of this section, none shall be given. The peace officer shall submit his signed statement to the department. Upon receipt of the statement the department shall suspend the person's Wyoming driver's license or his privilege to operate a motor vehicle in this state for six (6) months subject to review as provided in this act. The statement submitted by the officer shall contain:
   (i) His probable cause to believe the arrested person was driving or in actual physical control of a motor vehicle:
   (A) On a public street or highway in this state;
   (B) While under the influence of alcohol or a controlled substance to a degree which rendered him incapable of safely driving the vehicle; and

suspension from the State Tax Commission, Department of Revenue and Taxation (Department), and a hearing was scheduled for August 5, 1987.

At the hearing, Drake's attorney appeared alone, having advised his client not to appear or testify. The attorney explained that there were factual issues in dispute and that the only issues were issues of law. He went on to move for dismissal based on two grounds: (1) that there was no attorney for the Department present; and (2) that a letter from the Green River City Prosecutor in the record indicated that a request had been sent to the Department for return of the arrest documentation pursuant to a plea agreement that the City had reached with Drake. The Department did not respond to this request before the hearing took place. Instead, it submitted its case based entirely on the arrest documentation as a certified record. Petitioner did not subpoena the arresting officer as a witness for the hearing.

After considering the documentation and petitioner's arguments, the hearing examiner made findings of fact consistent with the arrest report. His conclusions of law based on those facts were that there had been probable cause to believe petitioner had been driving his car while under the influence of alcohol, that he had been arrested for DWUI and that, after being advised of his rights under the implied consent statutes, he refused a breath test. This refusal was ruled to properly work a six-month suspension of his driving privileges.

Petitioner then filed a petition in the district court for review of the hearing examiner's decision on August 14, 1987. The district court stayed the suspension pending appeal and certified the case to this court on November 6, 1987, pursuant to Rule 12.09, Wyoming Rules of Appellate Procedure.

Drake makes two arguments under his issue. The first argument is that, by not appearing either personally or through an attorney at the August 5, 1987, hearing before the independent hearing examiner, the Department failed to prosecute under Rule 101(b) of the Uniform Rules for the District Courts of the State of Wyoming.[2] These rules, it is urged, apply to a Department implied consent hearing because § 16-3-107(c), (f) and (g), W.S.1977 (Cum. Supp.1987) of the Wyoming Administrative Procedure Act, allows a district court to enforce compliance with a subpoena or other discovery order in a contested case before an administrative agency.

Drake also points to Chapter I, § 6(b)–(e) of the Rules and Regulations of the Wyoming State Tax Commission concerning procedures for a hearing before an independent hearing examiner which provide:

"Section 6.  *Hearing.*

 *     *     *     *     *     *

"(b) Any party may represent himself, or he may be represented by an attorney licensed to practice law in the State of Wyoming.

"(c) The Hearing Examiner, at his discretion, may continue a hearing for good cause.

"(d) The Department of Revenue and Taxation may present evidence by direct testimony or by a certified record prepared in accordance with W.S. 31-7-120, whichever they so desire. The certified record shall:

"(i) Consist of all documents which are material to the matter being reviewed

---

(ii) That the person refused to submit to a test upon the request of the peace officer."

2. The Rule provides:
"Rule 101. Appearances.
"(a) Any person may appear, prosecute or defend any action pro se. Partnerships and sole proprietorships may appear through the owners.
"(b) Corporations and unincorporated associations (other than partnerships and individual proprietorships) may appear only through an attorney licensed to practice in Wyoming.
"(c) An active member of the Wyoming State Bar shall attend all hearings of any party represented by counsel. Unless excused by the court (after notice to all other counsel) the attorney shall attend all hearings on behalf of his client.
"(d) All counsel and pro se parties shall appear promptly at court settings."

and which reflect actions taken by the Department of Revenue and Taxation; and

"(ii) Be made a part of the record of the proceedings before the Hearing Examiner.

"(e) For any hearing held in accordance with the Implied Consent Law, W.S. 31–6–101 through 31–6–106, the Department of Revenue and Taxation may present evidence by direct testimony or certified record, whichever they so desire. The certified record shall be made a part of the record of the proceedings before the Hearing Examiner and shall consist of:

"(i) The peace officer's sworn statement of probable cause;

"(ii) The notice of suspension and opportunity for hearing;

"(iii) A copy of the temporary license, if issued;

"(iv) The operational check list provided by the Wyoming Chemical Testing Program, Division of Health and Medical Services; and

"(v) All other evidence which is material to the matter being reviewed."

He argues that because these rules allow any party to represent himself or to use an attorney, there is some kind of an implied requirement that the Department must appear either personally or through an attorney.

This novel cross-referencing of court rules, statutes and agency rules ignores one important rule of law long recognized by this court:

" * * * When properly promulgated and adopted by an agency pursuant to statutory authority, [administrative agency] rules have the force and effect of law. [Citation.]" *In the Matter of GP*, Wyo., 679 P.2d 976, 996 (1984).

The Department has properly promulgated the rules set forth above for hearings before a hearing examiner on an implied consent driver's license suspension. The Department has the statutory authority to promulgate such rules under §§ 16–3–101 through 16–3–106, W.S.1977 (October 1982 Replacement and Cum.Supp.1987). See also *Yeik v. Department of Revenue and Taxation*, Wyo., 595 P.2d 965, 968–969 (1979). Section 6(e) of the Department's hearing rules set out above clearly allows the Department to present evidence at an implied consent suspension hearing " * * * by direct testimony *or*, certified record, *whichever they so desire.* * * * " (Emphasis added.) Drake was expressly informed that the Department could submit its case by certified record on the refusal form given to him at the time of his arrest.

■ We hold that the Uniform District Court Rules apply to this type of hearing only insofar as § 16–3–107(c), (f) and (g) expressly say they do. Further, we hold that this implied consent hearing was held in compliance with the properly promulgated rules and regulations of the Department. The way the Department presented its case provides no basis for reversal. See also *State of Wyoming, Department of Revenue and Taxation v. Hull*, Wyo., 751 P.2d 351 (1988).

■ Drake's second argument revolves around a letter from the Green River City Prosecutor to the Department in which the prosecutor requested the return of all documents filed by the responding officer concerning the arrest and refusal of a breath test. The city prosecutor made the request based on plea negotiations on the criminal charges. The Department, however, did not return the documents and certified them as the record for the hearing. Drake urges that the Department was obligated in some way to return the documents and drop the suspension because the prosecutor was entitled to make such a request. Drake makes some unsupported statements in the record indicating that the Department has returned documents in other cases pursuant to this kind of request. This record does not support those allegations. Despite this, we are told that denying the request in this case was arbitrary and an abuse of discretion.

The Department counters these arguments by correctly noting that a driver's license suspension under §§ 31–6–101 through 31–6–106 is a civil proceeding, separate and distinct from a criminal action for DWUI under § 31–5–233(e), W.S.1977

(Cum.Supp.1987). See generally Comment, *The New Implied Consent Amendments: A Step in the Right Direction*, XXI Land & Water L.Rev. 165, 169–171 (1986). It also directs us to § 31–6–102(f), W.S.1977 (Cum.Supp.1987), which provides in part:

> " * * * For purposes of this section, the *peace officer* acts as an agent for the department when providing notice of the suspension and notice of the opportunity for a hearing * * *." (Emphasis added.)

The Department says this phrase means that the arresting officer is the only person who can properly request return of the documents in these cases where a plea bargain on concurrent criminal charges is negotiated, and argues it has discretion to honor such a request.

We will decide this case based on settled principles of administrative law. There is no question that the legislature has delegated to the Department the administrative authority to oversee and establish procedures for implied consent cases. § 31–1–201, W.S.1977 (November 1984 Replacement). The Department has broad discretion within that authority to administer the implied consent laws, and we will not invade that discretion unless the person challenging agency action carries his burden to show that the action was:

> " * * *
>
> "(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> "(B) Contrary to constitutional right, power, privilege or immunity;
>
> "(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> "(D) Without observance of procedure required by law; or
>
> "(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."
> § 16–3–114(c)(ii)(A)–(E), W.S.1977 (October 1982 Replacement).

*Sellers v. Wyoming Board of Psychologist Examiners*, Wyo., 739 P.2d 125, 126–127 (1987). When reviewing agency action to determine whether it is arbitrary, capricious or an abuse of discretion, we look to see if the agency's decision can be supported by substantial evidence contained in the record. *Holding's Little America v. Board of County Commissioners of Laramie County*, Wyo., 712 P.2d 331, 336–337 (1985).

In this case, the Department had substantial evidence before it, applying the appropriate standard to determine that an implied consent suspension should be pursued. Further, Drake admitted, through his attorney, that there are no factual disputes in this case, and he has not made a substantial evidence challenge to the hearing examiner's findings or conclusions. There is nothing in the relevant statutes or agency regulations or rules that requires the Department to honor a prosecutor's request for return of implied consent suspension documents, and this hearing was held in compliance with Department rules. Drake does not challenge the statutory or constitutional basis for the implied consent statutes or Department rules, and there is no evidence in the record suggesting that denial of the prosecutor's request in this case was arbitrary.

There is nothing in this case warranting a judicial invasion of Department discretion, and we affirm Drake's suspension.