James H. HOOTEN, Appellant
(Petitioner),

v.

STATE of Wyoming, DEPARTMENT OF REVENUE AND TAXATION, Appellee (Respondent).

No. 87–275.

Supreme Court of Wyoming.

March 29, 1988.

Robert J. Reese, Green River, for appellant.

Joseph B. Meyer, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and David Mark Quiner, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

Appellant/petitioner James H. Hooten (Hooten) challenges the order of an independent hearing examiner suspending his driver's license under the Wyoming implied consent statutes, §§ 31–6–101 through 31–6–106, W.S.1977 (Cum.Supp.1986), for failure to submit to a chemical sobriety test following his arrest for driving while under the influence. He raises one issue:

> "Whether a license suspension is valid when based solely on documents submitted contrary to District Court Rules."

We affirm.

At about 2:45 a.m. on the morning of May 22, 1987, Hooten was arrested and charged with driving while under the influence (DWUI) in violation of § 31–5–233, W.S.1977 (Cum.Supp.1986). The arresting officer indicated in a signed statement and attached arrest report that she had observed Hooten driving his truck without his headlights on. Following Hooten, the officer noticed that Hooten was weaving and jerking his truck from one side of the road to the other. The officer attempted to stop Hooten by activating her overhead lights. Hooten failed to stop and continued weaving down the middle two lanes of traffic crossing over the middle line several times. The officer, and an assisting officer in another patrol car, attempted to stop Hooten by activating their sirens and overhead lights. The assisting officer even placed his vehicle in the path of Hooten's oncoming truck, but Hooten still failed to stop his truck and missed the officer's vehicle by only a foot. Traveling several blocks, Hooten finally came to a stop with the passenger-side tires of his truck on the sidewalk.

The arresting officer approached Hooten's truck, requested his driver's license and asked if he knew why he had been stopped. Hooten responded that he was going about ten miles per hour over the speed limit. The officer noted that Hooten's speech was "real low and slurred" and that there was an "odor of an alcoholic beverage coming from his breath." The officer asked Hooten to exit his vehicle and go to the back of the truck. Hooten complied with some difficulty, having to hold on to the door and bed of the truck to maintain his balance. The officer inquired if Hooten was hurt or sick, to which he replied that he was not.

The arresting officer administered several field sobriety tests which Hooten failed to complete successfully. Hooten was then arrested for DWUI and transported to jail. At the jail, Hooten was booked and read the implied consent law. While at first indicating that he would take a breathalyzer test, Hooten ultimately refused to submit to the test. His driver's license was retained by the police department.

On May 28, 1987, appellee/respondent the State of Wyoming, Department of Revenue and Taxation (Department), sent Hooten notification of the suspension of his driver's license for a six month period for his failure to submit to the breathalyzer test pursuant to the implied consent law, § 31–6–102. Hooten requested a hearing before an independent hearing examiner which was held on July 9, 1987. At the hearing, the Department was not represented by counsel, nor were any witnesses subpoenaed in its behalf. Instead, the Department submitted its case based entirely on the arrest documentation as a certified record. The arresting officer appeared and testified on her own initiative, but not at the request of either party. Hooten objected to the presence and testimony of the officer, and to the admission of her report and the suspension file's contents without an attorney representing the Department to present or review the contents or to attest to their accuracy.

After reviewing the evidence, the hearing examiner found that "[t]here was probable cause to believe the Licensee [Hooten] was driving or in actual physical control of a motor vehicle on a public street or highway while under the influence of alcohol * * *." The examiner further found that Hooten was informed of his rights under Wyoming's implied consent law and that he was requested to submit to a chemical test, but that he refused. Finding that all the requisite elements of the implied consent law were met, the hearing examiner upheld the suspension of Hooten's driver's license on August 7, 1987.

Hooten petitioned the district court for a review of the hearing examiner's proceedings, which petition was certified to this court on November 4, 1987, pursuant to Rule 12.09, Wyoming Rules of Appellate Procedure.

This case concerns whether the presence of an attorney is required to present evidence on behalf of the Department at implied consent hearings, or whether the certified suspension record alone is sufficient to support a license suspension. This identical issue was considered recently in *Drake v. State ex rel. Department of Revenue and Taxation*, Wyo., 751 P.2d 1319 (1988). In *Drake, supra*, we upheld the suspension of the driver's license based entirely on the submission of the certified records of the Department in the absence of a representing attorney. Pursuant to Chapter 1, § 6(e) of the Rules and Regulations of the Wyoming State Tax Commission concerning the procedures for a hearing before an independent hearing examiner, the Department is allowed to present evidence at an implied consent hearing " * * * by direct evidence or certified record, whichever they so desire. * * * " *Drake v. State ex rel. Department of Revenue and Taxation, supra*, at 1322. See also *State of Wyoming, Department of Revenue and Taxation v. Hull*, Wyo., 751 P.2d 351 (1988) (upholding suspension under similar circumstances).

Hooten contends that the Uniform Rules for the District Courts of the State of Wyoming are generally applicable to contested cases under the Wyoming Administrative Procedures Act. We held in Drake that " * * * the Uniform District Court Rules apply to this type of hearing only insofar as § 16–3–107(c), (f) and (g) expressly say they do. * * *" *Drake v. State ex rel. Department of Revenue and Taxation*, at 1322. The presence of an attorney is not required at implied consent hearings to support the license suspension of one arrested and charged with driving while under the influence who refuses to submit to chemical sobriety testing. As required by our decisions in *Drake* and *Hull*, and by the doctrine of stare decisis, we affirm.