**Douglas J. McDONALD, Appellant (Petitioner),**

v.

**The STATE of Wyoming, DEPARTMENT OF REVENUE AND TAXATION, Appellee (Respondent).**

*No. 92–33.*

Supreme Court of Wyoming.

Feb. 5, 1993.

---

Ronald G. Pretty, Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., Michael L. Hubbard, Sr. Asst. Atty. Gen., Lillian Nicholas Sharpe, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT * and GOLDEN, JJ.

THOMAS, Justice.

The threshold question presented in this case is whether a driver's record, maintained in an electronic database, then reproduced on paper in the form of an abstract and certified by the custodian as such, is admissible in an administrative proceeding to revoke a driver's license as a record kept in the usual course of business for purposes of the business records exception to the hearsay rule, or as a public record for purposes of the public records exception to the hearsay rule. A related and tandem question is the justification for installing a record from another jurisdiction into the electronic database. Finally, there is an issue with respect to the foundation that must be presented in order to admit the record into evidence in an administrative or court proceeding. The administrative hearing examiner admitted the document into evidence, and that decision was affirmed by the district court. We affirm the order of the district court affirming the order of the hearing examiner that suspended the driver's license of Douglas J. McDonald (McDonald).

McDonald did not set forth a separate statement of the issues in his brief as required by Wyo.R.App.P. 5.01, but we glean his position from the text of his brief. The essence of his claim is the admissibility of his driver's record at the administrative

* Chief Justice at time of conference; retired January 1, 1993.

hearing. He contends that its admission resulted in denying him a fair hearing and due process of law because his driving privilege was suspended on the basis of a computer printout from the Department of Motor Vehicles. McDonald contends that the computer printout is not sufficient to justify the decision of the hearing officer because it lacks the required indicia of reliability; was not established to be a regularly kept "business" record; and McDonald had no avenue for testing its validity, since the hearing officer did not require foundation or authentication of the computer record. As appellee, the State of Wyoming states these to be the issues:

I. Was appellant's computer printed driver record properly admitted into evidence?

II. Does the record contain substantial evidence to support the suspension of appellant's driver's license?

McDonald was convicted of driving while under the influence [1] in Cheyenne on November 16, 1987. On September 13, 1990, McDonald was convicted of driving while under the influence in the state of Oregon.[2] On March 14, 1991, a notice was directed to McDonald informing him that his "Wyoming driving privilege and/or any license evidencing such privilege will be suspended * * * starting from April 12, 1991 up to and including April 10, 1992." This notice was issued pursuant to Wyo.Stat. § 31–7–128 (1989), which provides for a mandatory one-year suspension of a driver's license for a second offense of driving while under the influence within a five-year time frame. The notice informed McDonald that he had a right to a hearing before the suspension became effective, and McDonald requested a hearing within the time allowed for him to do so. The hearing was set for May 10, 1991.

After calling the hearing to order, the hearing officer briefly described the purpose of the hearing. At that point, McDonald's attorney moved "to strike from the record and from your consideration anything dealing with alleged or suspension, which is what this Court is, this Hearing Examiner is attempting to suspend on." Apparently, counsel was alluding to the driver record information, a copy of which is attached as Appendix A. The hearing examiner acknowledged the objection by counsel and continued with these statements:

At least the State has proposed the one-year suspension based on a conviction from an out-of-state court in addition to the one-year suspension they notified you of the requirement to file proof of insurance for three years. The file that the State has submitted consisted of the following documents: Notice of Hearing, Hearing Examiner's Worksheet, Counsel's letter requesting a hearing, Letter of April 12 granting a hearing on the driving under the influence suspension and the suspension certification of record, dated April 19, '91, signed by Larry Pitmon, Supervisor, copy to the Wyoming Driver Record Information for Douglas John McDonald date of birth 3–12–47 which reflects a driving while under the influence, offense November 14,- '87, conviction November 16, '87, * * * and driving under the influence, offense 9–12–90, convicted 9–13–90 and the proposed suspension action.

Counsel representing McDonald made an additional articulation of his objection to the hearing officer's reliance on the abstract of McDonald's driving record, which also revealed several other offenses, contending that McDonald had been denied the opportunity to confront the witnesses against him. Counsel also argued that the suspension statute was penal rather than civil in nature and, in order to sustain McDonald's "conviction," there needed to be more in the record than a mere statement that McDonald was convicted of driving under the influence in Oregon. Counsel stated, "[t]hey have to present something to you to back up the fact that there was a conviction in Oregon."

By an order dated May 22, 1991, the hearing officer proceeded to impose the

1. Wyo.Stat. § 31–5–233 (1989).

2. Or.Rev.Stat. § 813.010 (1991).

suspension authorized and required by Wyo.Stat. §§ 31–7–125 and –128 (1989). On June 14, 1991, McDonald filed a petition for review in the district court. *See* Wyo. R.App.P. 12. Counsel stipulated that McDonald would be permitted to drive while his appeal was pending, and the district court so ordered. On December 20, 1991, the district court entered its order affirming the order of suspension issued by the hearing examiner. McDonald then filed his notice of appeal, seeking further review of the affirmance by the district court in this court.

In accordance with statute, Wyo.Stat. § 31–7–120 (1989), the Department of Revenue and Taxation has established an appropriate record-keeping system. That record-keeping system is maintained in an electronic format. The statutes require the maintenance of a driver's record like that involved in this case. These are public records which the citizens of this state are at liberty to review, and they can obtain a printout of such a record. Wyo.Stat. § 16–4–204(a) (1990).

■ McDonald was called to a hearing with full notice of the charges he would be compelled to face. At that hearing, the hearing officer relied on an abstract of McDonald's driving record that identified him by name, address, date of birth, height, weight, sex, social security number, driver license number, and old driver license number. This abstract identified the driving offenses of which McDonald had been convicted, and it was certified by the records custodian. We have held that such evidence is not only admissible but sufficient to sustain a license suspension. *Drake v. State ex rel. Dept. of Revenue and Taxation,* 751 P.2d 1319 (Wyo.1988); *Hooten v. State Dept. of Revenue and Taxation,* 751 P.2d 1323 (Wyo.1988). *See State Dept. of Revenue and Taxation v. Hull,* 751 P.2d 351 (Wyo.1988). We are persuaded by authority from the state of Washington that such a certified abstract is sufficient to establish a prima facie case on the part of the state and to shift the burden to McDonald to go forward with the evidence.

*State v. Monson,* 113 Wash.2d 833, 784 P.2d 485 (1989); *State v. Malone,* 9 Wash. App. 122, 511 P.2d 67 (1973). *See State v. Smith,* 66 Wash.App. 825, 832 P.2d 1366 (Div. 1 1992); James L. Isham, Annotation, *Automobiles: Validity and Construction of Legislation Authorizing Revocation or Suspension of Operator's License for "Habitual," "Persistent," or "Frequent" Violations of Traffic Regulations,* 48 A.L.R.4TH 367 § 122 (1986). We note McDonald did not assert any inaccuracies in the abstract, whether by mere assertion or presentation of evidence, that the record-keeping system established by the State of Wyoming contained problems with respect to deficiencies in either accuracy or information.

■ We hold this is the kind of evidence commonly relied upon by reasonably prudent men in the conduct of their serious affairs. *See* Wyo.Stat. § 16–3–108 (1990). It is admissible pursuant to Rules, Wyoming State Board of Equalization, Ch. I, Rules of Practice and Procedure for Hearings Before the Independent Hearing Examiner, § 6(d) (repealed effective January 21, 1993). This information, now stored in electronic format in computers and then generated out of those electronic files in the form of abstracts or printouts, is the sort of data compilation contemplated by Wyo.R.Evid. 803(6), (7), (8), and (10). The requirement of authentication or identification is satisfied in this instance pursuant to Wyo.R.Evid. 901. It is a certified record prepared and maintained in accordance with § 31–7–120. It is exactly the sort of document which is now utilized throughout our society from the smallest businesses to the largest governmental departments and agencies.

■ With respect to the attack upon the reference to a conviction in Oregon in this abstract, we point out that Wyoming is a member state of the Driver License Compact, as is Oregon.[3] As set forth in the Wyoming statute, the Driver License Compact encompasses the following as a state-

---

**3.** *See* Wyo.Stat. § 31–7–201, –202 (1989) and Or. Rev.Stat. § 802.540 (1991).

ment of the findings of the purpose for the compact and a declaration of policy:

## ARTICLE I

### Findings and Declaration of Policy

(a) The party states find that:

(i) The safety of their streets and highways is materially affected by the degree of compliance with state and· local ordinances relating to the operation of motor vehicles;

(ii) Violation of such a law or ordinance is evidence that the violator engages in conduct which is likely to endanger the safety of persons and property;

(iii) The continuance in force of a license to drive is predicated upon compliance with laws and ordinances relating to the operation of motor vehicles, in whichever jurisdiction the vehicle is operated.

(b) It is the policy of each of the party states to:

(i) Promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles;

(ii) Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states.

The Driver License Compact further provides:

## ARTICLE III

### Report of Convictions

(a) The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall:

(i) Clearly identify the person convicted;

(ii) Describe the violation specifying the section of the statute, code or ordinance violated;

(iii) Identify the court in which action was taken;

(iv) Indicate whether a plea of guilty or not guilty was entered, or conviction was a result of the forfeiture of bail, bond or other security; and

(v) Include any special findings made in connection therewith.

The effect of a conviction is articulated:

## ARTICLE IV

### Effect of Conviction

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this Compact, as it would if such conduct has occurred in the home state, in the case of convictions for:

(i) Manslaughter or negligent homicide resulting from the operation of a motor vehicle;

(ii) Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug, or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

(iii) Any felony in the commission of which a motor vehicle is used;

(iv) Failure to stop and render aid in the event of a motor vehicle accident resulting in the death or personal injury of another.

(b) As to other convictions, reported pursuant to Article III, the licensing authority in the home state shall give such effect to the conduct as is provided by laws of the home state.

(c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this Article, such party state shall construe the denominations and descriptions appearing in the subdivision (a) hereof as being applicable to and identifying those of-

fenses or violations of a substantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this Article. Wyo.Stat. § 31–7–201 (1989),

It is clear that the Oregon conviction was entered on McDonald's driver record in accordance with statute and, thus, fits within the public record concepts articulated above.

■ We hold the district court properly affirmed the decision of the hearing officer

to admit and rely upon the abstract of the driving record used in this case. That abstract was sufficient to sustain the suspense of McDonald's driving privileges under Wyoming law. The burden shifted to McDonald to demonstrate inaccuracies in the record since it was properly admitted. McDonald made no such effort.

It follows that the orders of the district court and the hearing examiner must be affirmed.

URBIGKIT, J., files a dissenting opinion.

## APPENDIX A

### EXHIBIT A

WYOMING
DEPARTMENT OF REVENUE AND TAXATION
DRIVER RECORD INFORMATION

0028–55948
McDonald, Douglas John
1913 Park Ave Apt 2
Cheyenne, WY 82007

DATE: 1991/04/16
REQUESTOR: 0005–82437

DOB: 1947/03/12    HEIGHT:    5–07 FT–IN    WGT: 155 LBS    SEX: M SSN:    517–54–3038

DRIVER LICENSE:    DL#:    102681–616    CLASS: C    OLD DR LIC:    6580060140
                   ISSUED:    1983/12/23    LAST DATE VALID:    1992/03/12

RESTRICTIONS:    B: Corrective Lenses
COMMERCIAL DRIVER LICENSE:    _____YES    _X_NO
ENDORSEMENTS:    NONE

| CASE NUMBER | DESCRIPTION | | |
|---|---|---|---|
| CCC18637CHY | Driving While Under the Influence | | |
| | OFFENSE:    1987/11/14 | CONVICTION: | 1987/11/16 |
| CCC18637CHY | Driving under influence suspension | | |
| | START:    1988/01/29 | END: | 1988/04/27 |
| CCC43328 | Administrative perse suspension | | |
| | START:    1988/07/18 | END: | 1988/10/15 |
| | OFFENSE:    1988/05/21 | | |
| CIT43328CCHY | Wrong Way/Wrong Side of Road | | |
| | OFFENSE:    1988/05/21 | CONVICTION: | 1988/06/23 |
| CITA43328CCHY | Lenses Required | | |
| | OFFENSE:    1988/05/21 | CONVICTION: | 1988/06/23 |
| CIT3832QR | Failure to Obey Signs/controls | | |
| | OFFENSE:    1990/09/12 | CONVICTION: | 1990/09/13 |
| CCC3833/OR | Driving While Under the Influence | | |
| | OFFENSE:    1990/09/12 | CONVICTION: | 1990/09/13 |
| CCC3833/OR | Driving under influence suspension | | |
| | START:    1991/04/12 | END: | HEARING PENDING |
| CCC3833AA | Financial responsibility suspension | | |
| | START:    1991/04/12 | END: | HEARING PENDING |

Commercial Vehicle Driving Status:    Not applicable
Non Commercial Vehicle Driving Status:Valid

* * * END OF DRIVING RECORD * * *

## CERTIFICATION OF RECORDS

I hereby certify that I am the custodian of records of the Field Services Division of the Department of Revenue and Taxation, State of Wyoming, and that the attached are true copies of the documents on file in this office.

I further certify that these records are kept in the ordinary course of agency business and set forth matters required to be observed and reported by law.

Dated   4–19–91

Larry M. Pitmon

_____   Director

_____   Manager

_✓_   Supervisor

---

URBIGKIT, Justice, Retired, dissenting.

The inquiry of significance in this case addresses the kind of documentation required to authenticate a foreign jurisdiction conviction in order to adversely affect a Wyoming resident's driving privilege.

The requirement is not particularly obtuse or cloudy since the provisions are explicitly included in Wyoming's Driver License Compact enactment, Wyo.Stat. § 31-7-201, art. III (1989), which states:

(a) The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall:

(i) Clearly identify the person convicted;

(ii) Describe the violation specifying the section of the statute, code or ordinance violated;

(iii) Identify the court in which action was taken;

(iv) Indicate whether a plea of guilty or not guilty was entered, or conviction was a result of the forfeiture of bail, bond or other security; and

(v) Include any special findings made in connection therewith.

However we authenticate a line item from a computer in Wyoming, the record provided here shows no compliance with the information requirement which is established in the Driver License Compact.

I do not find this case to present a proper business record evidentiary test, W.R.E. 901. What should have been provided, instead of a technician's summary of whatever was received from the foreign jurisdiction, would have been whatever was received from the foreign jurisdiction to establish compliance with the Driver License Compact.

The only real proof that is provided by this record is that however accomplished, the Wyoming computer system showed:

CCC3833/OR Driving While Under the Influence
OFFENSE: 1990/09/12 CONVICTION: 1990/09/13

If we look at the statute, that entry: does not necessarily clearly identify the person convicted; does not describe the violation specifying the section of the statute, code or ordinance violated; does not identify the court in which the action was taken; does not indicate whether a plea of guilty or not guilty was entered or whether conviction was a result of forfeiture of bail, bond or other security; and, finally, does

not show what, if any, other special findings were made. These admissions, involving every section of the statute, can hardly be considered to be substantial compliance. It may well be that the State has a record which would comply and certainly, as a business record, that document instead of the workmanship of some computer input technician would identify for me an appropriate business record to be utilized in the state of Wyoming.

Admittedly, we do strange things when we consider driving violations among one category of criminal offenses, but it should still be recognized that the rule for admission of evidence established in this case can find a broader application such that the intended reliability of either business records or official documents ceases to exist for trial pursuit in the courts of this state.

Lacking evidence showing compliance with the provisions of the Wyoming statute regarding the documentation of the Oregon offense, I would hold that insufficient evidence was presented to justify the action taken.

Consequently, I dissent.