2010 WY 119

Eric SCHOUBOE, Appellant (Petitioner),

v.

WYOMING DEPARTMENT
OF TRANSPORTATION,
Appellee (Respondent).

No. S–09–0190.

Supreme Court of Wyoming.

Aug. 19, 2010.

Representing Appellant: Gerard R. Bosch and Mark J. Longfield, of Law Offices of Jerry Bosch, LLC, Wilson, WY.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; and Kenneth J. Miller, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Eric Schouboe appeals a hearing examiner's order upholding his implied consent suspension.  Schouboe contends that the Wyoming Department of Transportation (WYDOT) did not prove he was in actual physical control of his vehicle.  We affirm.

## ISSUES

[¶ 2]   Schouboe lists five issues:

I.  Did the Wyoming Department of Transportation (WYDOT) carry its burden to establish the necessary element of "actual physical control" by a preponderance of the evidence in [Schouboe's] Implied Consent Suspension?

II.  Whether the Office of Administrative Hearing's (OAH) finding of fact that the "keys were not in the ignition" is supported by substantial evidence?

III.  Whether the OAH's finding of fact that the "keys were not in the ignition" constitutes an abuse of discretion?

IV.  Whether the OAH's conclusion that [Schouboe] could have awakened and driven away at any moment is supported by substantial evidence?

V.  Whether the OAH's conclusion that [Schouboe] could have awakened and driven away at any moment constitutes an abuse of discretion?

The State rephrases the issues as follows:

I.  Does substantial evidence exist to support the hearing examiner's conclusion that [Schouboe] had been driving or was in actual physical control of a motor vehicle upon a public street or highway?

II.  Was the decision of the hearing examiner arbitrary or capricious?

## FACTS

[¶ 3]   At 2:14 a.m. on March 11, 2008, two Sublette County Deputy Sheriffs approached Eric Schouboe's pickup truck parked in the middle of a county road.  The vehicle was not running, and Deputy Robert Laing observed Schouboe asleep in the driver's seat.  Deputy Laing also noticed keys on the center console next to Schouboe's elbow.  After waking Schouboe, Deputy Laing opened the door of the truck, and noticed Schouboe smelled of alcohol.  The deputy asked Schouboe why he was in the middle of the road, to which Schouboe replied, "I stopped, I don't know."  Field sobriety tests were administered, and Schouboe failed them all.  He was arrested for DUI, and transported to the Sublette County Detention Center.  There, Schouboe refused chemical testing.

[¶ 4]   WYDOT notified Schouboe on April 2, 2008, that his driver's license would be suspended for 18 months for refusing chemical testing.  Schouboe requested a hearing, which was held in June of 2008.  The hearing examiner upheld the license suspension, and in doing so concluded that Schouboe was in "actual physical control of his automobile. He could have awakened and driven away at any moment."  The district court affirmed

* Chief Justice at time of expedited conference.

the hearing examiner, and this appeal followed.

## STANDARD OF REVIEW

[¶ 5] In *Bryant v. State ex. rel. Wyoming Dept. of Transportation,* 2002 WY 140, 55 P.3d 4 (Wyo.2002), this Court applied the standard of review developed in worker's compensation cases to driver's license suspension contested cases. *Bryant,* ¶¶ 8–12, 55 P.3d at 8–9. In *Dale v. S & S Builders, LLC,* 2008 WY 84, 188 P.3d 554 (Wyo.2008), we refined the standard of review for agency actions. Under the plain language of Wyo. Stat. Ann. § 16–3–114(c)(ii) (LexisNexis 2009), reversal of an agency finding or action is required if it is not supported by substantial evidence. *Dale,* ¶ 21, 188 P.3d at 561.

[T]he substantial evidence standard will be applied any time we review an evidentiary ruling. When the burdened party prevailed before the agency, we will determine if substantial evidence exists to support the finding for that party by considering whether there is relevant evidence in the entire record which a reasonable mind might accept in support of the agency's conclusions. If the hearing examiner determines that the burdened party failed to meet his burden of proof, we will decide whether there is substantial evidence to support the agency's decision to reject the evidence offered by the burdened party by considering whether that conclusion was contrary to the overwhelming weight of the evidence in the record as a whole. *See, Wyo. Consumer Group v. Public Serv. Comm'n of Wyo.,* 882 P.2d 858, 860–61 (Wyo.1994); *Spiegel,* 549 P.2d at 1178 (discussing the definition of substantial evidence as "contrary to the overwhelming weight of the evidence"). If, in the course of its decision making process, the agency disregards certain evidence and explains its reasons for doing so based upon determinations of credibility or other factors contained in the record, its decision will be sustainable under the substantial evidence test. Importantly, our review of any particular decision turns not on whether we agree with the outcome, but on whether

the agency could reasonably conclude as it did, based on all the evidence before it.

*Dale,* ¶ 22, 188 P.3d at 561.

[¶ 6] We will apply the substantial evidence standard anytime we are reviewing an evidentiary issue. As always, we review an agency's conclusions of law *de novo,* and "[w]e will affirm an agency's legal conclusion only if it is in accordance with the law." *Dale,* ¶ 26, 188 P.3d at 562.

## DISCUSSION

[¶ 7] Although he lists five issues for our consideration, Schouboe's argument can be narrowed down to one basic question: Was the hearing examiner's conclusion that Schouboe was in actual physical control of his vehicle based on substantial evidence? We conclude that it was, and explain below.

[¶ 8] First, we will address a preliminary issue submitted by Schouboe. He contends that it was improper for WYDOT to rely solely upon the certified administrative record to sustain its burden, and that the certified administrative record does not contain facts or evidence to support the hearing examiner's conclusion that he was in actual physical control of his vehicle. While using the certified record to prosecute administrative suspensions has been recently questioned (see *Hittner v. State, ex. rel. Wyo. DOT (In re Hittner),* 2008 WY 91, 189 P.3d 872 (Wyo.2008)), it is nonetheless a valid method still used by agencies and approved of by this Court in *Drake v. State,* 751 P.2d 1319, 1322 (Wyo.1988). WYDOT has broad discretion to administer the implied consent laws. *Id.* We also note that submission of the certified record in a driver's license suspension contested case proceeding has traditionally been deemed sufficient to establish a prima facie case and to shift the burden to the petitioner to provide evidence to refute the prima facie case. *McDonald v. State Department of Revenue & Taxation,* 846 P.2d 694, 697 (Wyo.1993).

[¶ 9] Turning to Schouboe's substantive question of whether there was substantial evidence to prove that he was in actual control of his vehicle, this Court has stated:

An intoxicated person seated behind the steering wheel of an automobile is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving; however, the danger does exist and the degree of danger is only slightly less than when the vehicle is moving. As long as a person is physically or bodily able to assert dominion in the sense of movement by starting the car and driving away, then he has substantially as much control over the vehicle as he would if he were actually driving it.

We believe that the legislative intent in enacting the "actual physical control" portion of § 31–5–233(a), W.S 1977, is apprehending the intoxicated driver before he can do any harm by operating a motor vehicle.

*Adams v. State*, 697 P.2d 622, 625 (Wyo. 1985).

[¶ 10] The hearing examiner concluded that Schouboe was in actual, physical control of the vehicle and that substantial evidence existed to support that conclusion including: (1) the vehicle was registered to Schouboe; (2) the keys were on the console; (3) Schouboe admitted that he stopped in the middle of the road; and (4) Schouboe was, indeed, in the middle of the road. Based on that evidence, the hearing examiner concluded that actual, physical control existed.

[¶ 11] As the party challenging whether or not the agency's decision was supported by substantial evidence, Schouboe has the burden of showing that the decision was not supported by such evidence. See *Wheaton v. State*, 2003 WY 56, ¶ 18, 68 P.3d 1167, 1175–76 (Wyo.2003). Because Schouboe did not testify at the contested case hearing, he relies on the question that he asked the deputy during the standardized field sobriety tests and implies that there may have been another driver: "What happened to the ol' boy that was with me?" When the deputy asked Schouboe, "What 'ol boy'?" Schouboe said, "JOHN, that was driving this thing." However, no evidence in the record exists to show that Schouboe was ever accompanied by another person.

[¶ 12] Schouboe further contends that there is no evidence to support the finding that he could have woken up and driven away at any moment, or that the keys found on the console of the vehicle actually operated said vehicle. However, Schouboe offers no evidence to explain why he was in the driver's seat of his vehicle when the deputy discovered him in the middle of the road. Schouboe cites to *Rogers v. State*, 94 Ark. App. 47, 224 S.W.3d 564 (2006), in support of his argument that keys on the console of a vehicle does not constitute "actual physical control." In *Rogers*, the Arkansas court found that sleeping in a vehicle without inserting the keys into the ignition did not constitute actual physical control. Indeed, it is the bright-line rule in Arkansas that actual physical control begins when the keys are located in the ignition. We have not adopted such a rule, and decline to do so in this instance. Whether or not the keys were in the ignition does not define actual physical control in Wyoming. Perhaps under different facts we might conclude differently, but here, the facts are such that Schouboe was parked in the middle of the road. He was seated in the driver's seat, slumped over the steering wheel, in the middle of a Wyoming highway with keys on the console. Although the State did not establish with absolute certainty that the keys found in the vehicle *matched* the vehicle, it was certainly a fair inference for the hearing examiner to make. "Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions." *Dale*, ¶ 11, 188 P.3d at 558 (quoting *Newman*, ¶ 12, 49 P.3d 163, 168, quoting *State ex rel. Wyo. Workers' Safety & Comp. Div. v. Jensen*, 2001 WY 51, ¶ 10, 24 P.3d 1133, 1136 (Wyo. 2001)).

[¶ 13] Under these facts, we conclude that the hearing examiner had substantial evidence to conclude that Schouboe was in actual physical control of his vehicle.[1] Affirmed.

---

1.  Other courts have come to similar conclusions. See, for instance, *State v. Fleck*, 777 N.W.2d 233,

237 (Minn.2010), where the Minnesota Supreme Court concluded that a man who was found asleep behind the wheel of his vehicle, which was legally parked with the keys in the console, was in actual physical control. The appellant had not recently driven the vehicle because it was "cold to the touch," the lights were not on, and it did not appear that the vehicle had been running. However, the keys in the vehicle's console led the court to conclude that appellant was in actual physical control.