**MEMORIAL HOSPITAL OF LARAMIE COUNTY, Appellant (Plaintiff),**

v.

**DEPARTMENT OF REVENUE AND TAXATION OF the STATE OF WYOMING, Appellee (Defendant).**

No. 88–228.

Supreme Court of Wyoming.

March 6, 1989.

W. Perry Dray and John E. Masters of Dray, Madison & Thomson, P.C., Cheyenne, for appellant.

Joseph B. Meyer, Atty. Gen., and Michael L. Hubbard, Senior Asst. Atty. Gen., Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Memorial Hospital of Laramie County (hospital) asserts that the trial court erred in dismissing its declaratory judgment action against the Department of Revenue and Taxation (department) for lack of subject matter jurisdiction. We will reverse. Because the hospital's suit raises substantive issues identical to those raised in *Sublette County School District No. 1 v. State Board of Equalization,* 770 P.2d 218 (Wyo. 1989), we remand for disposition consistent with our decision in that case.

On March 12, 1986, the hospital entered into a construction management agreement with Fru–Con Construction Corporation to build an addition to its facilities. That agreement established certain procedures for letting bids and purchasing materials which were designed to avoid the costs of sales and use taxes on construction materials. The hospital believed such procedures were consistent with advice received through its previous communications with the department. Accordingly, during the

bidding process the hospital and Fru–Con structured certain material acquisitions as direct purchases by the hospital.[1] However, due to the broad authority granted Fru–Con to subcontract for labor on the project, three distinct situations were created with respect to contractors supplying materials: (1) some contractors supplied only materials through a direct contract with the hospital; (2) others supplied both materials and labor through a single subcontract with Fru–Con; (3) still others supplied materials through a direct contract with the hospital while providing labor relating to those materials through a separate labor subcontract with Fru–Con. The hospital advised suppliers in the third class that such transactions for materials were exempt from sales and use taxation.

On January 25, 1988, the department notified one member of this class of suppliers, Kelly Company, Inc. (Kelly), that the materials it had supplied and installed were subject to taxation. The hospital subsequently paid the tax assessed against Kelly under protest. Before payment, however, the hospital filed a claim for injunctive and declaratory relief, alleging that its tax-exempt status precluded such a tax on property purchased for its own use. The hospital further alleged that it would be contractually required to reimburse all vendors situated similarly to Kelly. At a hearing on June 23, 1988, the trial court dismissed the hospital's suit for lack of subject matter jurisdiction, characterizing that suit as a challenge to the taxability of the individual suppliers, and indicating that such issues were more properly the province of the administrative agency.

The record does not clearly reveal the basis for the trial court's conclusion that it lacked subject matter jurisdiction over the hospital's declaratory judgment action. On the one hand, the trial court may have decided the hospital failed to exhaust its administrative remedies, and the case demanded the type of specific relief committed initially to an administrative body. See generally *City of Cheyenne v. Sims*, 521 P.2d 1347, 1350 (Wyo.1974). Alternatively, the trial court may have concluded that, absent a final administrative determination that suppliers such as Kelly were properly taxed, the hospital was able to establish only a speculative or anticipated controversy—one insufficiently justiciable to invoke the jurisdiction of the court. See generally *White v. Board of Land Commissioners*, 595 P.2d 76, 79 (Wyo.1979); and *Mountain West Farm Bureau Mutual Insurance Company, Inc. v. Hallmark Insurance Company*, 561 P.2d 706, 710 (Wyo.1977). On either basis, the trial court improperly dismissed the hospital's cause of action.

We have held that, in proper circumstances, a plaintiff challenging agency action may maintain a suit for declaratory judgment notwithstanding the filing of a petition for review. The presence of the alternative remedy does not preclude declaratory relief in those circumstances if a justiciable controversy is present. *Rocky Mountain Oil and Gas Association v. State*, 645 P.2d 1163, 1167–68 (Wyo.1982) (RMOGA). Although that plaintiff cannot obtain full review of agency action by such means, he can seek a declaratory judgment to challenge the validity or construction of administrative regulations, or the construction or constitutionality of a statute on

---

1. W.S. 39–6–405 and 39–6–505 (May 1985 Repl.) grant an exemption from sales and use tax liability to direct purchases by political subdivisions of the state.
   W.S. 39–6–405 provides, in pertinent part:
   (a) The following sales or leases are exempt from the excise tax imposed by this article:
   \* \* \* \* \* \*
   (xi) Sales to the state of Wyoming or its political subdivisions;
   \* \* \* \* \* \*
   (xv) Sales which the state of Wyoming is prohibited from taxing under the laws or constitutions of the United States or Wyoming.

   W.S. 39–6–505 provides, in pertinent part:
   (a) The following purchases or leases are exempt from the excise tax imposed by this article:
   \* \* \* \* \* \*
   (iii) Purchases which the state of Wyoming is prohibited from taxing under the laws or constitutions of the United States or Wyoming;
   \* \* \* \* \* \*
   (v) Purchases made by the state of Wyoming or its political subdivisions.

which agency action is based. *State v. Kraus,* 706 P.2d 1130, 1133 (Wyo.1985). That relief is not available, however, if providing that relief requires the judiciary to perform the administrative duties of the executive branch. *RMOGA,* 645 P.2d at 1168–69.

The department interpreted Wyoming sales and use tax statutes to permit a tax upon contractors who both supplied materials and performed work on those materials. The hospital's complaint clearly questioned the constitutionality of that statutory interpretation as it applied to the hospital. Had the case required a determination of whether particular contractors fell within that taxable class, as the department contends, we would agree with the trial court's disposition of this case. However, the parties stipulated that some contractors indeed installed materials that they had supplied to the hospital. Since neither the trial court nor the department was required to make that factual determination, the trial court would not have intruded on the agency's fact-finding or administrative prerogative. Therefore, the trial court erred if it dismissed this declaratory judgment action solely because of the hospital's failure to exhaust administrative remedies.

The trial court may have alternatively concluded that the hospital could assert no liability to reimburse contractors such as Kelly, and, therefore, could establish no justiciable controversy, in the absence of an agency decision which finally determined the taxability of such contractors. Declaratory relief should be liberally administered if the elements of a justiciable controversy exist to give the trial court jurisdiction. *Brimmer v. Thomson,* 521 P.2d 574, 577 (Wyo.1974). For that controversy to exist, a genuine right or interest must be at issue between adversarial parties, and the trial court must be able to make an effective judgment which will finally determine the rights of the parties. *Id.* at 578. Even these prerequisites, however, may properly be avoided or relaxed when matters of great public interest or importance are presented to the trial court. *Id.; Kurpjuweit v. Northwestern Develop-*

*ment Company, Inc.,* 708 P.2d 39, 44 (Wyo.1985). If the hospital could establish the existence of an actual controversy with the department, there is no doubt the trial court could effectively and finally determine that dispute. Thus, the only question remaining is whether the department has so affected an interest of the hospital so as to create an actual controversy. "Standing is a concept utilized to determine if a party is sufficiently affected to insure that a justiciable controversy is presented to the court." *Washakie County School District No. 1 v. Herschler,* 606 P.2d 310, 316 (Wyo. 1980). A plaintiff has standing only if he has a tangible and legally protectible interest at stake in the litigation; his interest must be injured or threatened with injury by the administrative action of which he complains. *Id.* at 316–17; see also *Board of Equalization v. Jackson Hole Ski Corporation,* 737 P.2d 350, 353–54 (Wyo.1987).

A governmental entity like the hospital is protected from the burden of sales taxes by the provisions of W.S. 39–6–405 and 39–6–505 (May 1985 Repl.), as noted above. This entity also receives protection from the burden of property taxes under the provisions of Wyo. Const. art. 15, § 12, which provides:

> The property of the United States, the state, counties, cities, towns, school districts and municipal corporations, when used primarily for a governmental purpose, and public libraries, lots with the buildings thereon used exclusively for religious worship, church parsonages, church schools and public cemeteries, shall be exempt from taxation, and such other property as the legislature may by general law provide.

The hospital purchased construction materials and, after having taken title to those materials, made them available for installation by certain contractors. When contractors providing those materials are taxed by statute or an administrative regulation interpreting that statute, the hospital must eventually bear that additional "tax" cost. That "tax" cost to the hospital is equivalent to the cost it would assume had it been required to pay a sales tax on that material. The tax, as imposed, thereby injures

the hospital's interest in its statutory and constitutional tax-exempt status. There is no doubt about the class of contractors which the department intended to tax. As previously noted, the parties have stipulated that contractors such as Kelly were members of that class.

We do not decide whether the hospital was, under the circumstances of this case, immediately obligated to pay the tax assessed against Kelly. We hold, however, that the reasonable threat of such an obligation renders the injury to the hospital sufficiently imminent as to warrant judicial consideration. We note also that the issues raised by this case concerning the apportionment of state revenues are of such public import as to warrant a relaxation of the traditional jurisdictional prerequisites of justiciability. The hospital has presented a justiciable controversy sufficient to invoke the jurisdiction of the district court.

We reverse and remand for proceedings consistent with our decision in *Sublette County School District No. 1 v. Board of Equalization.*