**Douglas R. ROE and Carol M. Roe, Appellants (Petitioners),**

v.

**The BOARD OF COUNTY COMMISSIONERS, CAMPBELL COUNTY; and Rag Wyoming Land Company, Appellees (Respondents).**

**No. 99–148.**

Supreme Court of Wyoming.

Feb. 24, 2000.

Representing Appellants: Douglas R. Roe and Carol M. Roe, Pro Se.

Representing Appellee Board of County Commissioners, Campbell County: Carol Seeger, Deputy County Attorney in and for Campbell County, Gillette, Wyoming.

Representing Appellee RAG Wyoming Land Company: James L. Edwards and Joseph E. Hallock of Stevens, Edwards & Hallock, P.C., Gillette, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

MACY, Justice.

Appellants Douglas Roe and Carol Roe (the Roes) appeal from the district court's decision which affirmed Appellee Board of Campbell County Commissioners' (the Board) final approval of the creation of Echo Subdivision.

We remand this case to the district court for dismissal in accordance with this opinion.

## ISSUES

The Roes present this Court with the following issues:

1. Is the public aggrieved or adversely affected by Board decisions when Wyoming statutes and Agency Rules and Regulations are not followed?

2. Are the Roes[ ] aggrieved or adversely affected by the Board[']s decision to approve the Echo Subdivision and the land trade with Amax Land Company?

3. Did the Board[']s decision making process meet one or more of the requirements specified in W.S. 16–3–114(c) for the Court to hold unlawful and set aside the Board[']s actions in this matter?

## FACTS

Appellee RAG Wyoming Land Company, formerly Amax Land Company, (Amax) filed an application with the Campbell County Planning Commission (the Planning Commission) to have certain property resubdivided. The purpose of the application was to resubdivide portions of property owned by Amax and located in existing Rawhide Village and Horizon Subdivision from residential sized lots into seven large tracts. Six tracts were intended to be used for livestock grazing operations. The seventh tract was to continue being a county park. The parkland was reduced, however, in conformance with current regulations which govern the size of parks based on population because of the small number of people who live in Rawhide Village and Horizon Subdivision. This was accomplished by a land exchange with Campbell County for lands needed for Campbell County Airport operations. The application and plat preserved two accesses, necessary streets, turn-arounds, and utility easements for the remaining portions of Rawhide Village and Horizon Subdivision that were owned·by other individuals.

The Planning Commission prepared the proposed resubdivision application for and submitted it to the Board. The Board voted to approve Echo Subdivision as recommended by the Planning Commission. The application moved through the administrative process and was ultimately approved by the Board. The Roes appealed from the Board's approval of Echo Subdivision to the district court. The district court affirmed the Board's approval of Echo Subdivision, and the Roes appeal to this Court.

## DISCUSSION

The Board queries whether the Roes possess standing to contest the Echo Subdivision approval. The Roes, of course, insist that they do. The Board, however, claims that the Roes have failed to articulate by way of specific facts in what way they have been injured by the resubdivision. We agree with the Board.

" 'Standing is a concept utilized to determine if a party is sufficiently affected to insure that a justiciable controversy is presented to the court.' " *Memorial Hospital of Laramie County v. Department of Revenue and Taxation of State of Wyoming,* 770 P.2d 223, 226 (Wyo.1989) (quoting *Washakie County School District Number One v. Herschler,* 606 P.2d 310, 316 (Wyo.1980)).

"The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasi-judicial determination. A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested

in a case to present a justiciable controversy."

*State ex rel. Bayou Liquors, Inc. v. City of Casper,* 906 P.2d 1046, 1048 (Wyo.1995) (quoting *Schulthess v. Carollo,* 832 P.2d 552, 556–57 (Wyo.1992) (citations omitted)).

■ Wyo. Stat. Ann. § 16–3–114(a) (LEXIS 1999) authorizes judicial review of an agency action for only those persons "aggrieved or adversely affected in fact" by the challenged action. An aggrieved or adversely affected person is one who has a legally recognizable interest in that which will be affected by the action. *Hoke v. Moyer,* 865 P.2d 624, 628 (Wyo.1993). A potential litigant must show injury or potential injury by "alleg[ing] a perceptible, rather than a speculative, harm resulting from the agency action." *Foster's, Inc. v. City of Laramie,* 718 P.2d 868, 872 (Wyo.1986). " 'The interest which will sustain a right to appeal must generally be substantial, immediate, and pecuniary. A future, contingent, or merely speculative interest is ordinarily not sufficient.' " *L Slash X Cattle Company, Inc. v. Texaco, Inc.,* 623 P.2d 764, 769 (Wyo.1981) (quoting 4 Am.Jur.2d *Appeal and Error* § 180).

■ The Roes have not presented specific facts to demonstrate how they have been injured by the Board's decision to approve Echo Subdivision. Their brief includes a general discussion about whether the administrative process was correctly followed but fails to specifically assert how they have been aggrieved by any alleged deviation from this process or by the final approval. The Roes also discuss water rights and the termination of water and sewer services, but, as the Board correctly points out in its brief, none of these issues were addressed or affected by the subdivision application and subsequent approval. Consequently, we must conclude that the Roes lacked standing to contest the Board's approval of Echo Subdivision.

Given the Roes' failure to present specific, articulable facts to demonstrate how they were harmed by the Board's decision, we hold that the district court was without jurisdiction to decide their case. We, accordingly, remand and direct the district court to dismiss the case in accordance with this opinion.