2002 WY 7

**John R. JOLLEY, Appellant (Plaintiff/Petitioner),**

v.

**STATE LOAN AND INVESTMENT BOARD, Board of Land Commissioners, Governor Jim Geringer, Joseph B. Meyer Max Maxfield, Cynthia M. Lummis, and Judy Catchpole, Appellees (Respondents/Defendants).**

No. 00–330.

Supreme Court of Wyoming.

Jan. 25, 2002.

Timothy C. Kingston of Graves, Miller & Kingston, P.C., Cheyenne, WY, Representing Appellant. Argument by Mr. Kingston.

Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Nancy E. Vehr, Assistant Attorney General, Representing Appellees. Argument by Ms. Vehr.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶1] John R. Jolley (Appellant) appeals a district court decision dismissing, for lack of

standing, his action against the State Loan and Investment Board (the Loan Board), the Board of Land Commissioners (BLC), and the respective members of each Board (collectively the Boards) for allegedly altering their schedule of public meetings from a monthly to a bimonthly basis without complying with the Wyoming Administrative Procedure Act. We affirm.

## ISSUE

[¶ 2] Appellant succinctly summarizes the issue on appeal:

Did the Appellant have standing to sue the Appellees?

The Boards answer with a slightly longer statement of the issue:

Whether the district court was correct in its determination that Appellant lacked standing to seek judicial review of the State Loan and Investment Board and Board of Land Commissioners' administrative action setting meeting dates for the year 2000.

## FACTS

[¶ 3] Appellant is the editor and publisher of the *Grass Roots Advocate,* a bimonthly newspaper focusing on issues of land use, access, and development in Wyoming. Appellant regularly covers and participates in public meetings of the Boards in his capacity with his newspaper and as a citizen of the state.

[¶ 4] The Boards are comprised of the same members: the Governor, Secretary of State, State Treasurer, State Auditor, and Superintendent of Public Instruction. Wyoming Constitution Art. 18, § 3; Wyo. Stat. Ann. § 11–34–102(b) (LexisNexis 2001). The BLC is statutorily directed to hold such regular public meetings as it may prescribe or consider necessary. Wyo. Stat. Ann. § 36–2–104 (LexisNexis 2001). In 1999, the BLC had a rule which, in effect, established a schedule of public meetings:

The Board shall meet regularly on the first Thursday of each month. A regular meeting may be postponed or cancelled by the President of the Board.

Board of Land Commissioners Rules and Regulations, Chapter 1, § 3(a). The Governor is the President of the BLC. Wyo. Stat. Ann. § 36–2–103 (LexisNexis 2001). There is no equivalent statutory directive relating to public meetings for the Loan Board. However, like the BLC, the legislature has granted the Loan Board the authority to promulgate rules and regulations proper and necessary for the conduct of its business. Wyo. Stat. Ann. § 11–34–103(a) (LexisNexis 2001). In 1999, the Loan Board had a rule in place which established a public meeting schedule substantially similar to that of the BLC:

The Board shall meet regularly on the first Thursday of each month and at the call of the President, to consider all matters under its jurisdiction. A regular meeting may be postponed or cancelled by the President of the Board.

State Loan and Investment Board Rules and Regulations, Chapter 1, § 3(a). Also, like the BLC, the Governor is the President of the Loan Board, and the President is given apparent discretionary power to cancel or postpone meetings. Wyo. Stat. Ann. § 11–34–102(b).

[¶ 5] On December 21, 1999, the schedule for the Boards was set by the Governor and faxed to the press and interested parties:

January 20 (Semi-annual Mineral Royalty Grant Meeting)

February 3

April 6

June 1

July 20 (Semi-annual Mineral Royalty Grant Meeting)

August 3

October 5

November (Annual meeting to consider Transportation Enterprise Funds Grants and Loans—no specific date set at this time)

December 7

Appellant filed a Petition for Review pursuant to Wyo. Stat. Ann. § 16–3–114 (LexisNexis 2001) and Wyo.R.App.P. 12 on February 11, 2000 challenging the decision to schedule bimonthly public meetings for 2000 in light of the rules and regulations calling

for monthly meetings. The Boards responded with a motion to dismiss the petition for a lack of standing. The Boards contended that Appellant was not "aggrieved or adversely affected in fact" under § 16–3–114(a) [1] by the reduction in public meetings. Appellant countered he was "aggrieved or adversely affected in fact" because of the negative impact the reduction in public meetings would have on the financial status of his newspaper and on his interests as an active participant in the Boards' meetings and as a potential buyer of state lands. On October 23, 2000, the district court dismissed Appellant's petition for lack of standing. The court concluded that Appellant had failed to "provide any supporting facts for his interests as a taxpayer, buyer and potential buyer of state lands" sufficient to confer standing. In addition, the court noted that the schedule of public meetings should not have any appreciable effect on Appellant's press coverage of the Boards. This appeal followed.

## STANDARD OF REVIEW

 [¶ 6] Standing is a legal concept designed to determine whether a party is sufficiently affected to insure that the court is presented with a justiciable controversy. *Roe v. Board of County Commissioners, Campbell County*, 997 P.2d 1021, 1022 (Wyo. 2000) (quoting *Memorial Hospital of Laramie County v. Department of Revenue and Taxation of State of Wyoming*, 770 P.2d 223, 226 (Wyo.1989) and *Washakie County School District Number One v. Herschler*, 606 P.2d 310, 316 (Wyo.1980)).

"The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in

which the litigants have little or no interest in vigorously advocating. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasi-judicial determination. A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy."

*State ex rel. Bayou Liquors, Inc. v. City of Casper*, 906 P.2d 1046, 1048 (Wyo.1995) (quoting *Schulthess v. Carollo*, 832 P.2d 552, 556–57 (Wyo.1992) (citations omitted)).

*Roe*, 997 P.2d at 1022–23.

 [¶ 7] Judicial review of an agency action is authorized by Wyo. Stat. Ann. § 16–3–114(a) only for those persons "aggrieved or adversely affected in fact" by the challenged action.

An aggrieved or adversely affected person is one who has a legally recognizable interest in that which will be affected by the action. *Hoke v. Moyer*, 865 P.2d 624, 628 (Wyo.1993). A potential litigant must show injury or potential injury by "alleg[ing] a perceptible, rather than a speculative, harm resulting from the agency action." *Foster's, Inc. v. City of Laramie*, 718 P.2d 868, 872 (Wyo.1986). " 'The interest which will sustain a right to appeal must generally be substantial, immediate, and pecuniary. A future, contingent, or merely speculative interest is ordinarily not sufficient.' " *L Slash X Cattle Company, Inc. v. Texaco, Inc.*, 623 P.2d 764, 769

---

1. Wyo. Stat. Ann. § 16–3–114(a) (LexisNexis 2001) provides:

Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court for county in which the adminis-

trative action or inaction was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming Supreme Court.

(Wyo.1981) (quoting 4 Am.Jur.2d *Appeal and Error* § 180).

*Roe,* 997 P.2d at 1023.

## DISCUSSION

■ [¶ 8] On appeal, Appellant reiterates his contention that he is a person "aggrieved or adversely affected in fact" under Wyo. Stat. Ann. § 16–3–114(a) by the Boards' alteration of their public meeting schedule in 2000 from a monthly to a bimonthly basis. The grounds cited by Appellant in support of his argument in favor of standing—the negative impact on his newspaper's subscriber base and finances, his attendance and participation in the public meetings, and his status as a citizen of Wyoming, and as past and potential purchaser of state land—are not specific factual allegations of harm sufficient to demonstrate an injury related to the Boards' action. Appellant has only raised the specter of speculative harm based upon future or contingent interests indistinguishable from that which could be raised by any citizen of Wyoming. In other words, Appellant has not shown a "personal stake in the outcome of the controversy" nor any "injury" derived from the Boards' decision to alter their schedule of public meetings. He only cites potential or possible harms that may affect his newspaper business or his status as a citizen or as a potential buyer of state land. Claims of injury of a broad and general nature are not sufficient to demonstrate that Appellant was "aggrieved or adversely affected *in fact* " by the Boards' actions. What we said in *Roe* is equally applicable in this case:

> Given the Roes' failure to present specific, articulable facts to demonstrate how they were harmed by the Board's decision, we hold that the district court was without jurisdiction to decide their case.

997 P.2d at 1023.

■ Perhaps recognizing the weakness of his position under Wyo. Stat. Ann. § 16–3–114(a), Appellant also suggests that he should be granted standing based upon his status as a citizen or taxpayer of Wyoming. We have recognized a more expansive or relaxed definition of standing when a matter of great public interest or importance is at stake. *Washakie County School District*

*Number One,* 606 P.2d 310, 317; *Management Council of the Wyoming Legislature v. Geringer,* 953 P.2d 839, 841–42 (Wyo.1998). This exception to the general standing requirements evolved out of a determination of the existence of a justiciable controversy in the context of a declaratory judgment action. In *Management Council,* we reviewed the evolution of the exception in our precedent:

> As a threshold question, we turn to the certified question relating to standing. We accept the standing of the Management Council to pursue the relief sought by way of a declaratory judgment under the doctrine of great public interest or importance. We first acknowledged the doctrine of great public interest or importance in connection with the existence of a justiciable controversy to support the invocation of the authority of the court to make a declaratory judgment. We said that the requirement of a justiciable controversy is relaxed or not followed in such instances. *Brimmer v. Thomson,* 521 P.2d 574 (Wyo. 1974). We invoked *Brimmer* in our first school finance case. *Washakie County School Dist. No. One v. Herschler,* 606 P.2d 310 (Wyo.1980). In *Memorial Hosp. of Laramie County v. Department of Revenue and Taxation of State of Wyo.,* 770 P.2d 223, 226 (Wyo.1989), we began to extend the doctrine of great public interest or importance from a relaxation of the requirement for justiciable controversy to a justification for standing when we said:
>
> > Declaratory relief should be liberally administered if the elements of a justiciable controversy exist to give the trial court jurisdiction. *Brimmer v. Thomson,* 521 P.2d 574, 577 (Wyo.1974). For that controversy to exist, a genuine right or interest must be at issue between adversarial parties, and the trial court must be able to make an effective judgment which will finally determine the rights of the parties. *Id.* at 578. Even these prerequisites, however, may properly be avoided or relaxed when matters of great public interest or importance are presented to the trial court. *Id.; Kurpjuweit v. Northwestern Development Company, Inc.,* 708 P.2d 39, 44

(Wyo.1985). If the hospital could establish the existence of an actual controversy with the department, there is no doubt the trial court could effectively and finally determine that dispute. Thus, the only question remaining is whether the department has so affected an interest of the hospital so as to create an actual controversy. "Standing is a concept utilized to determine if a party is sufficiently affected to insure that a justiciable controversy is presented to the court." *Washakie County School Dist. No. 1 v. Herschler,* 606 P.2d 310, 316 (Wyo.1980).

The transition became complete when we said:

> We have recognized an exception to the standing requirement when we are faced with a matter of great public interest or importance. *Brimmer v. Thomson,* 521 P.2d 574 (Wyo.1974). Without deciding whether Petitioners have standing to seek the issuance of a writ of mandamus which requires Governor Sullivan to implement the Wyoming Professional Review Panel Act, we hold that the issue of whether the Wyoming Professional Review Panel Act is constitutional is of great public importance and, therefore, merits a decision from this Court.

*State ex rel. Wyoming Ass'n of Consulting Engineers and Land Surveyors v. Sullivan,* 798 P.2d 826, 828–29 (Wyo.1990) (footnotes omitted). We hold that the issue presented in the second certified question is of great public importance that merits a decision from this Court, and we, therefore, recognize the standing of the Management Council to seek a declaratory judgment on that question.

953 P.2d at 841–42. Historically, we have applied the great public interest and importance doctrine to find standing where we ordinarily would not in the following instances: *Washakie County School District Number One,* 606 P.2d 310 (constitutionality of school financing); *Memorial Hospital of Laramie County,* 770 P.2d 223 (tax exempt status of hospital); *State ex rel. Wyoming Association of Consulting Engineers and Land Surveyors v. Sullivan,* 798 P.2d 826

(Wyo.1990) (constitutionality of the Wyoming Professional Review Panel Act); *Board of County Commissioners of the County of Laramie v. Laramie County School District Number One,* 884 P.2d 946 (Wyo.1994) (entitlement of school district to interest on school district funds held by county treasurer); and *Management Council of the Wyoming Legislature,* 953 P.2d 839 (constitutional scope of governor's veto power).

 [¶ 10] The question before us now is whether or not the change of the Boards' public meetings schedule, arguably in violation of their rules and regulations, is of such great public interest and importance to justify relaxing the standing requirements to permit Appellant to bring this action based on his status as a citizen and taxpayer of Wyoming. In light of our precedent and the rationale behind the great public interest or importance doctrine, we conclude that it is not of such a nature. As noted above, we have historically applied the doctrine when a constitutional question is presented—as in *Washakie School District Number One; Wyoming Association of Consulting Engineers and Land Surveyors;* and *Management Council*—or where the issue concerns the apportionment of state revenues among governmental entities—as in *Memorial Hospital* and *Board of County Commissioners of the County of Laramie.* This case raises neither a constitutional claim nor an issue related to the apportionment of state revenue. The doctrine of great public interest or importance should be applied cautiously:

> The question of great public importance rests with this court, *Kellner v. District Court In and For City and County of Denver,* 127 Colo. 320, 256 P.2d 887, 888. This exception must be applied with caution and its exercise must be a matter where strict standards are applied to avoid the temptation to apply the judge's own beliefs and philosophies to a determination of what questions are of great public importance.

*Brimmer v. Thomson,* 521 P.2d 574, 578 (Wyo.1974). We decline to expand the doctrine to encompass alleged violations of an

agency's rules and regulations that do not directly implicate the constitutionality of legislation or an agency's actions or inactions. Therefore, Appellant does not have standing to contest the Boards' scheduling of their public meetings under the doctrine of great public interest or importance.

[¶ 11] The district court's decision dismissing Appellant's complaint for lack of standing is affirmed.